UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Trista A.S., | Civ. No. 20-425 (ADM/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

Meredith E. Marcus, Daley Disability Law, P.C., and Edward C. Olson, Esq., Attorney at Law, for Plaintiff.

Chris Carillo, Social Security Administration, for Defendant.

This matter is before the undersigned United States Magistrate Judge on Plaintiff's Supplemental Motion for Attorney Fee Pursuant to § 206(b)(1) of the Social Security Act. (Doc. No. 35.) This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (Doc. No. 42.) For the reasons below, this Court recommends that Plaintiff's supplemental motion for attorney's fees be granted.

## I. BACKGROUND

Plaintiff initiated this action seeking judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner"), denying her claim for disability insurance benefits. (*See* Doc. No. 1, Compl.) Pursuant to

a joint stipulation entered into after Plaintiff's counsel had filed her summary-judgment papers, the Court remanded Plaintiff's case to the Commissioner for further administrative proceedings. (Doc. No. 19, 9/17/20 Order.) The Court awarded Plaintiff $7,600.00 in attorney's fees under the Equal Access to Justice Act ("EAJA") on December 18, 2020. (Doc. No. 25, 12/18/20 Order.)

On March 17, 2021, the ALJ on remand issued a favorable decision for Plaintiff and awarded her $96,640.00 in past-due disability insurance benefits. (Doc. No. 27, ¶ 2; *see also* Doc. No. 28, Ex. A, Notice of Award.) On September 9, 2021, counsel for Plaintiff filed a petition for attorney's fees pursuant to § 206(b)(1) of the Social Security Act, seeking $24,160.00 in attorney's fees to be payable from Plaintiff's retroactive disability insurance benefits. (Doc. Nos. 26, 27, 28.) That amount represented 25% of past-due benefits awarded, which was consistent with Plaintiff's fee arrangement with her attorney. On December 1, 2021, the Court adopted the undersigned's Report and Recommendation and granted Plaintiff's petition. (Doc. No. 34, 12/1/21 Order.)

After that award was granted, on December 18, 2021, the Commissioner issued Notices of Award for two auxiliary beneficiaries (Plaintiff's children) for past-due benefits due to Plaintiff's disability – $26,688.00 for L.J.S. and $26,688.00 for C.W.S. (Doc. No. 37-1, Ex. A, Notices of Award.) Counsel for Plaintiff has now filed a supplemental motion requesting additional attorney's fees pursuant to § 206(b)(1) of the Social Security Act, and in accordance with their fee agreement, seeking $13,344.00,

which is 25% of the combined auxiliary past-due benefit awards.[1] (Doc. Nos. 35, 36.) This, combined with the previous award for 25% of past-due benefits, equals $37,504.00. (*See* Doc. No. 37-1, Ex. A, Notices of Award.) The Commissioner filed a response to Plaintiff's supplemental motion, taking no particular position but providing a "description of the relevant legal standards to assist the Court in its determination." (Doc. No. 41, Def.'s Resp. 1.)

## II. ANALYSIS

Title 42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Here, Plaintiff's fee arrangement with her attorney states in relevant part:

---

[1] Plaintiff filed her supplemental motion on March 3, 2022. (Doc. No. 35.) As explained by Plaintiff in her reply, although the Commissioner issued the additional Notices of Award for benefits on December 18, 2021, a copy was not sent to Plaintiff until after her inquiring about the status on February 22, 2022. (Doc. No. 43, Pl.'s Reply ¶ 1.) Therefore, this Court finds that Plaintiff's supplemental motion was timely filed. *See* 42 U.S.C. § 406(b) (stating that the request for fees must be made within a reasonable amount of time from the Commissioner's decision awarding benefits).

**Attorney Fee**

I have been advised by my attorney that Social Security is authorized to withhold one-fourth (25%) of whatever past-due benefits are allowed to me and/or my dependents based on my Social Security account or the Social Security account on which I am applying for benefits . . . . I understand that representation in court will not cost me more than 25% of the past due benefits for my dependents, if applicable, and myself. The attorney may keep 25% of the past-due benefits if awarded by the court or the EAJA fee, whichever is the higher of the two.

. . .

In the event Social Security releases to me any amount of past-due benefits which, pursuant to statute, should have been withheld, I shall pay this amount to my attorney and said amount shall be placed in an escrow account until such time as a final authorization to pay an attorney fee has been made by Social Security.

(Doc. No. 37-2, Ex. B.) Per this agreement, Plaintiff agreed to pay her counsel 25% of all past-due benefits awarded to her *and her dependents* by the Social Security Administration.

As stated above, Plaintiff was awarded $96,640.00 in past-due benefits, and then two separate awards of $26,688.00 for each of her two children, totaling $150,016.00. Plaintiff's counsel seeks 25% of these awards as a reasonable fee for her representation. Twenty-five percent of $150,016.00 equals $37,504.00.[2] The Court finds this amount appropriate and reasonable given the work performed by counsel prior to the case being remanded (55.95 hours) and the outcome obtained by Plaintiff's counsel. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (stating "§ 406 does not displace contingent-fee

---

[2] The Court previously ordered that $24,160.00 be paid to Plaintiff's counsel. (Doc. No. 34, 12/1/21 Order.)

agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court[, but it] calls for court review of such arrangements as an independent check, to assure that they yield reasonable results"); *see, e.g.*, *Massie v. Colvin*, No. 14-cv-2888 (SRN/FLN), 2016 WL 4926443, at *2 (D. Minn. Aug. 31, 2016), *report and recommendation adopted*, 2016 WL 4925782 (D. Minn. Sept. 15, 2016) (authorizing a fee of $37,095.50 consistent with Plaintiff's fee arrangement).[3] Therefore, pursuant to 42 U.S.C. § 406(b) and Plaintiff's fee arrangement, Plaintiff's counsel is now entitled to an additional $13,344.00.

### III. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Supplemental Motion for Attorney Fee Pursuant to § 206(b)(1) of the Social Security Act. (Doc. No. 35), be **GRANTED** as follows:

1. Plaintiff's counsel be awarded attorney's fees in the amount of $13,344.00;

2. The $13,344.00 shall be paid to Plaintiff's counsel from the funds withheld from Plaintiff's past-due disability insurance benefits, allocated for Plaintiff's children's benefits, for payment of attorney's fees.

Dated: March 28, 2022                                  *s/Becky R. Thorson*
                                                       BECKY R. THORSON
                                                       United States Magistrate Judge

---

[3] The Court notes that nothing in this Report and Recommendation alters the Court's prior Order requiring Plaintiff's counsel to refund to Plaintiff $7,600.00 (if they have not yet done so), which represents the amount of EAJA fees previously awarded to counsel. (Doc. No. 34, 12/1/21 Order); *see Gisbrecht*, 535 U.S. at 796.

**NOTICE**

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 11, 2022**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.